THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Loramax LLC, Plaintiff,<br><br>v.<br><br>The Dreyfus Corporation, Defendant. | Civil Action No. 2:15-cv-677-RWS-RSP<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Loramax LLC ("Loramax" or "Plaintiff") makes the following allegations against The Dreyfus Corporation ("Dreyfus" or "Defendant"):

**PARTIES**

1. Plaintiff Loramax is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 2305 North St., Ste. 205, Beaumont, Texas, 77702.

2. Defendant Dreyfus is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 200 Park Ave., New York, NY 10166. Defendant may be served via its registered address for process at: The Dreyfus Corporation, BNY Mellon Center, Room 772, Pittsburgh, Pennsylvania, 15258.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant has transacted business in this district, and has performed at least a portion of the infringements alleged herein in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,513,126

6. Plaintiff Loramax is the owner by assignment of United States Patent No. 5,513,126 ("the '126 Patent") titled "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles." The '126 Patent was duly issued by the United States Patent and Trademark Office on April 30, 1996. A true and correct copy of the '126 Patent is attached as Exhibit A.

7. On October 4, 1993, Larry E. Harkins, Ken Hayward, Thomas J. Herceg, Jonathan D. Levine, and David M. Parsons filed patent application no. 130,828 ("the '828 Application") with the United States Patent and Trademark Office ("the PTO"). The '828 Application was duly vetted by patent examiners, Emanuel T. Voeltz and Kyle J. Choi, at the PTO. The PTO vetting included reviewing the '828 Application for compliance with 35 U.S.C. § 101. After the PTO completed its vetting, the PTO found that the '828 Application complied with all requirements for a United States patent. The PTO issued '828 Application as the '126 Patent on April 30, 1996.

8. The PTO classified the '126 Patent in international class H04L 12/28 and U.S.

class 364/514A. These classes are for inventions related to the transmission of digital information and networking technologies. Neither international class H04L 12/28 nor U.S. class 364/514A are related to business methods.

9. Pursuant to 35 U.S.C. § 282, the '126 Patent is presumed valid.

10. The '126 Patent contains technical information including pseudo-code. Accordingly, a person of ordinary skill in the art for the '126 Patent would have a bachelor's degree in computer science, computer engineering or equivalent work experience, and at least four years of experience in computer systems and applications design and development.

11. The '126 Patent and its claims, as understood by a person of ordinary skill in the art having reviewed the '126 Patent and its file history (a "PHOSITA"), are directed at solving problems in the art of computer networking and systems. More particularly, the '126 Patent and its claims, as understood by a PHOSITA, relate to computerized methods and computerized systems that implement technical functionality that enable the automatic distribution of information to recipients in a preferred form.

12. A PHOSITA would understand that the claims of the '126 Patent require the use of a specially programmed computer(s) implementing the invention patented in the '126 Patent. For example, the PHOSITA would generally understand that practicing the '126 Patent requires a communication profile that specifies a mode for transmission of data to a recipient. Communication profiles would be stored in a specially programmed repository (e.g., database). Specialized software is required that interfaces with the repository. The specialized software would access the repository when a document is sent to a recipient, which would then cause the transmission of the document to the recipient using a communications channel in accordance with the recipient's communication profile. For example, the '126 Patent discloses a preferred,

technical schema for a PHOSITA to implement the invention of the '126 Patent (see Appendices A and B to the '126 Patent):

```
APPENDIX A

CommunicationChannel: DEFINITIONS =
BEGIN
  -- TYPE DEFINITIONS
  StreetAddress: TYPE = RECORD [
    alias: AliasType,
    street: LONG STRING,
    town: LONG STRING,
    zipCode: LONG CARDINAL,
    company: LONG STRING,
    department: LONG STRING,
    mailStop: LONG STRING];
  AliasType: LONG POINTER TO ARRAY OF LONG STRING;
  ProfileOption: TYPE = RECORD [
    server: Address,
    preferredVersion: LONG CARDINAL,
    preferredFormat: LONG STRING,
    phoneNumber: LONG STRING,
    alternateProfile: ProfileOptionType]; -- e.g. fax goes direct to printer
  Command: TYPE = {update, ignore, publish, forward};
  Status: TYPE = {ok, errors};
  Address: TYPE = RECORD [address: LONG STRING, path: LONG STRING, alias: Alias
  SenderAccessRights: TYPE = {desktop, secondaryStorage, queue, reject};
  PriorityType: TYPE = {interrupt(0), high(1), medium(2), low(3), background(4),
ignore(5)};
  ReceivePriorityType: TYPE = {direct, delayed};
  AccessProperties: TYPE = RECORD [
    priority: PriorityType,
    accessRights: SenderAccessRights];
  ReceivePriorityRec: TYPE = RECORD [
    next: ReceivePriorities, -- link list of individual ReceivePriorities
    type: ReceivePriorityType,
    modified: BOOLEAN,
    profileID: FileID,
    profile: ChannelProfile,
    accessProperties: AccessProperties];
  SendProfilesRec: TYPE = RECORD [
    next: ReceivePriorities, -- link list of individual ReceivePriorities
    profile: ChannelProfile];
  SendProfiles: TYPE = LONG POINTER To SendProfilesRec;


APPENDIX B

Profile: TYPE = RECORD [
  modified: BOOLEAN,
  enabled: BOOLEAN,
  cashed: BOOLEAN,
  locked: BOOLEAN, -- if locked by receiver then read only
  version: CARDINAL,
  priorityOfReciept: CARDINAL,
  profile: ProfileOption];
ProfileOptionType: TYPE = {workstation, phone, fax, pagePrinter, colorPrinter,
  secondaryPrinter, email, audio, video, secondaryStorage};
  -- fax => use alternateProfile to establish incomming profile option
  -- phone =>server implies vmax server and path box
ChannelProfilePtr: TYPE = LONG POINTER TO Profile;

  ChannelProfileRec: TYPE = RECORD [
    preferredOption: ProfileOptionType,
    secondaryOption: ProfileOptionType,
    teriaryOption: ProfileOptionType,
    streetAddress: StreetAddress,
    profileArray: ARRAY ProfileOptionType OF ChannelProfilePtr];
    -- nil indicates the value is not specified
  ChannelProfile: TYPE = LONG POINTER TO ChannelProfileRec;
  -- PROCEDURE DEFINITIONS
  OpenChannelProfile: PROCEDURE [ ]
    RETURNS[channelProfile: ChannelProfile];
  CloseChannelProfile: PROCEDURE [command: Command, profile: ChannelProfile,
    address: Address]
    RETURNS[status: Status, msg: LONG STRING];
  OpenReceivePriorities: PROCEDURE [ ]
    RETURNS[receivePriorities: ReceivePriorities];
  CloseReceivePriorities: PROCEDURE [command: Command, receivePriorities:
ReceivePriorities]
    RETURNS[status: Status. msg: LONG STRING];
  ForwardProfile: [channelProfile: ChannelProfile, address: Address];
  PublishProfile: [channelProfile: ChannelProfile];
  OpenQuickSend: PROCEDURE [ ]
    RETURNS[sendProfiles: SendProfiles];
  Send: PROCEDURE [channelProfile: ChannelProfile, data: LONG POINTER TO STR
    RETURNS[status: Status, msg: LONG STRING];
END.
```

13. In order for a PHOSITA to practice the invention of the '126 Patent, the PHOSITA would have to, *inter alia*, implement the above schemas. Such an implementation would transform a generic computer(s) into a specially programmed computer(s). Because such a specially programmed computer(s) provides functionality not present in a generic computer, a PHOSITA would understand that a specially programmed computer(s), in accordance with the invention of the '126 Patent, is a technological improvement over a generic computer.

14. Further, a PHOSITA would understand that the claims of the '126 patent could not practiced by human interaction alone, nor merely using a generic computer. A generic computer does not provide functionality that enables the automatic distribution of information to

recipients in a preferred form.

15. Furthermore, a PHOSITA would understand that there are alternate ways of distributing information based on user preferences that are not covered by the claims of the '126 Patent.

16. Upon information and belief, Defendant makes, uses, operates, and makes available to the public, directly or through intermediaries, a website and related systems that are, and were during the term of the '126 Patent, accessible to the public via the URL at https://public.dreyfus.com/ (and formerly at https://www3.financialtrans.com) ("the Accused Instrumentality").

17. Upon information and belief, the Accused Instrumentality performs the computerized method, in a network having a plurality of devices interconnected over a network channel having a plurality of network subscribers, of identifying the mode in which to transmit predetermined data from a given sender to a designated recipient on the network comprising the steps of: identifying the recipient to receive the data from a database of network subscribers, accessing the communication profile of the recipient for receiving said predetermined data from the database of network subscribers, said communication profile prioritizing different modes in which the designated recipient prefers to receive data from any network subscriber so that at least one device on the network to which the given sender can transmit the predetermined data to the designated recipient is identified, responsive to the communication profile of the recipient for receiving said predetermined data, determining the designated recipient's preferred mode of receiving data, and conveying the predetermined data from the given sender to a device on the network that corresponds to the recipient's preferred mode of receiving data designated by the communication profile of the recipient, so that the given sender is not required to convert data

from one mode to another.

18.     Upon information and belief, the Accused Instrumentality provides a system for distributing information on a network, comprising: a server defining a first system element for receiving information; a client defining a second system element for sending information to said server and disposed remotely from said server on the network, said client communicating with said server using the network; a communication channel having properties defining a preferred mode of communication between said client and said server; and a user interface adapted for virtual communication between said client and said server using said communication channel in order that said server receives information in the mode defined by the communication channel.

19.     Upon information and belief, Defendant has infringed the '126 Patent during its term in the State of Texas, in this district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performed the methods and/or used the systems covered by at least claims 6 and/or 25 of the '126 Patent to the injury of Plaintiff. Defendant has directly infringed, literally and/or under the doctrine of equivalents, the '126 Patent during the term of the '126 Patent. Defendant is thus liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

20.     As a result of Defendant's infringement of the '126 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loramax respectfully requests that this Court enter:

21.     A judgment in favor of Plaintiff that Defendant has infringed, either literally

and/or under the doctrine of equivalents, the '126 Patent;

22.     A judgment and order requiring Defendant to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '126 Patents as provided under 35 U.S.C. § 284; and

23.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Loramax, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED August 13, 2015.                    Respectfully submitted,

*/s/ Jaspal S. Hare*
By:_____

Jaspal S. Hare (lead counsel)
Texas Bar No. 24083135
Jaspal.Hare@solidcounsel.com

David B. Dyer
Texas Bar No. 06313500
David.Dyer@solidcounsel.com

Bryan R. Haynes
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com

**Scheef & Stone L.L.P**
500 North Akard, Suite 2700
Dallas, TX 75201
Tel: (214) 706-4200
Fax: (214) 706-4242

**ATTORNEYS FOR PLAINTIFF LORAMAX LLC**