**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **LORAMAX LLC,** | |
| **Plaintiff,** | **CASE NO. 6:15-cv-00677** |
| **v.** | |
| **THE DREYFUS CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## DREYFUS'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO LORAMAX'S FIRST AMENDED COMPLAINT

Defendant The Dreyfus Corporation ("Dreyfus") files this, its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Loramax LLC's Complaint for Patent Infringement. Dreyfus denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

### PARTIES

1.      Dreyfus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2.      Dreyfus admits it is a New York corporation with a principal place of business at 200 Park Ave., New York, NY 10166.

### JURISDICTION AND VENUE

3.      Dreyfus admits that the Complaint purports to set forth a claim for patent

infringement arising under the patent laws of the United States, Title 35 of the United States Code. Dreyfus admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Dreyfus denies any allegations of infringement.

4.      Denied.

5.      Dreyfus denies that this district is an appropriate or convenient venue for this action and reserves the right to seek transfer to a more convenient forum. Dreyfus denies that it has committed any act of infringement within this district or any other district.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,513,126

6.      Dreyfus admits that the Complaint purports to attach U.S. Patent No. 5,513,126 (the "'126 Patent"), entitled "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles" and issued on April 30, 1996, but denies that the '126 Patent was duly or lawfully issued. Dreyfus otherwise denies the remaining allegations in paragraph 6 of the Complaint.

7.      Dreyfus denies that the '126 Patent was duly or lawfully issued. Dreyfus denies any remaining allegations in paragraph 7 of the Complaint.

8.      Dreyfus admits that the '126 Patent, on its face, lists an international classification of H04L 12/28 and a U.S. classification of 364/514A. Dreyfus denies any remaining allegations in paragraph 8 of the Complaint.

9.      Dreyfus admits that 35 U.S.C. § 282 states that a patent shall be presumed valid, but denies that the '126 Patent was duly or lawfully issued or that it is entitled to a presumption of eligibility under 35 U.S.C. § 101.

10.    Denied.

11.    Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     On information and belief, the '126 Patent expired no later than October 4, 2013. Therefore, the current use, operation or availability of the alleged Accused Instrumentality in paragraph 16 of the Complaint is irrelevant. With respect to any allegations regarding the alleged Accused Instrumentality prior to the expiration of the '126 Patent, Dreyfus lacks knowledge or information sufficient to form a belief about the truth of those allegations.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

## PRAYER FOR [SOUGHT] RELIEF

21-23.     Dreyfus denies that Plaintiff is entitled to any relief from Dreyfus and denies all of the allegations contained in Plaintiff's Prayer for Relief.

## JURY DEMAND

Plaintiff's request for a trial by jury does not require a response from Dreyfus.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Dreyfus denies them.

## AFFIRMATIVE DEFENSES

Dreyfus's Affirmative Defenses are listed below. Dreyfus reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-infringement)

Dreyfus does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '126 Patent.

### Second Defense
### (Invalidity)

Each asserted claim of the '126 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that Plaintiff and alleged predecessors in interest to the '126 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Dreyfus's actions allegedly infringed the '126 Patent, Dreyfus is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '126 Patent.

### Fourth Defense
### (Laches, Estoppel, and Waiver)

Plaintiff's attempted enforcement of the '126 Patent against Dreyfus is barred by laches, estoppel, and waiver.

**Fifth Defense**
**(Limitation on Damages)**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Sixth Defense**
**(Prosecution History Estoppel)**

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on

statements, representations, and admissions made during prosecution of the patent applications

resulting in the asserted patents.

**Seventh Defense**
**(Divided Infringement)**

Claims in the asserted patents require actions by multiple parties in order to infringe the

recited methods. Dreyfus does not perform every element of such method claims.

**Eighth Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**COUNTERCLAIMS**

**PARTIES**

1.      Counterclaim Plaintiff The Dreyfus Corporation ("Dreyfus") is a New York

organization with a principal place of business at 200 Park Ave., New York, NY 10166.

2.      On information and belief based solely on paragraph 1 of the Complaint as pled

by Plaintiff, Counterclaim Defendant Loramax LLC ("Loramax") is a Texas limited liability

company, with its principal place of business at 2305 North St., Ste. 205, Beaumont, TX 77702.

**JURISDICTION**

3.      These counterclaims arise under the patent laws of the United States, Title 35 of

the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et*

*seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.     Venue in this district is appropriate over these Counterclaims because Loramax

has consented to the propriety of venue in this district by filing its claims for patent infringement

in this district, in response to which these Counterclaims are asserted.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

5.     Based on Loramax's filing of this action and Dreyfus's First Affirmative Defense,

an actual controversy has arisen and now exists between the parties as to whether Dreyfus

infringes the '126 Patent.

6.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*,

Dreyfus requests a declaration by the Court that it does not infringe any claim of the '126 Patent

under any theory (including directly (whether individually or jointly) or indirectly (whether

contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

7.     Based on Loramax's filing of this action and Dreyfus's Second Affirmative

Defense, an actual controversy has arisen and now exists between the parties as to the validity of

the claims of the '126 Patent.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and

35 U.S.C. § 100 *et seq.*, Dreyfus requests a declaration by the Court that the claims of the '126

Patent are invalid for failure to comply with one or more of the requirements of United States

Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules,

regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Dreyfus asks this Court to enter judgment in Dreyfus's favor and against

Loramax by granting the following relief:

a) a declaration that the asserted claims of the '126 Patent are invalid;

b) a declaration that Dreyfus does not infringe, under any theory, any valid claim of the '126 Patent that may be enforceable;

c) a declaration that Loramax take nothing by its Complaint;

d) judgment against Loramax and in favor of Dreyfus;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Dreyfus of its costs and attorneys' fees incurred in this action; and

g) any and all further relief as the Court may deem just and proper.

## JURY DEMAND

Dreyfus hereby demands trial by jury on all issues.

Dated:  August 31, 2015                                Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Wasif Qureshi*
    Neil J. McNabnay
    Texas Bar No. 24002583
    mcnabnay@fr.com
    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070 – Telephone
    (214) 747-2091 – Facsimile

    Wasif Qureshi
    Texas Bar No. 24048155
    qureshi@fr.com
    Tony Nguyen
    Texas Bar No. 24083565
    tnguyen@fr.com
    1221 McKinney St., Suite 2800
    Houston, TX 77010
    (713) 654-5300 – Telephone
    (713) 652-0109 – Facsimile

**Attorneys for Defendant**
**THE DREYFUS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 31, 2015, per Local Rule CV-5(a)(3).

*/s/  Wasif Qureshi*
  Wasif Qureshi